IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS OVIEDO | § | CIVIL ACTION NO. _____ |
| | § | |
| VS. | § | |
| | § | |
| HARDY BROTHERS, INC. AND | § | |
| JAMES TORAIN THURMAN | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendants, HARDY BROTHERS, INC., and JAMES TORAIN THURMAN ("Defendants"), and file this Notice of Removal, pursuant to 28 U.S.C. § 1441 and 1446, removing the above-captioned case from the 234th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

## I.    INTRODUCTION

1.      On February 21, 2022, Plaintiff Jesus Oviedo ("Plaintiff") commenced an action in the 234th Judicial District Court, Harris County, Texas, captioned, Case No. 2022-10562: *Jesus Oviedo. vs. Hardy Brothers, Inc., and James Torain Thurman. See* Exhibit A, Plaintiff's Original Petition.

2.      Plaintiff claims that he suffered personal injury damages as a result of an alleged collision (the "Incident") that occurred on March 8, 2020 the 610 Loop in Houston, Harris County, Texas., *See* Exhibit B, Police Report.

## II.    STATEMENT OF GROUNDS FOR REMOVAL

3.      The aforementioned state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and it may be removed to this Court pursuant

to the provisions of 28 U.S.C. § 1441, because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

### III.    PROCEDURAL REQUIREMENTS FOR REMOVAL

4.    Upon filing of this Notice of Removal, Defendant gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 234th Judicial District Court, Harris County, Texas, where this cause was originally filed. Copies of all processes, pleadings, and orders have been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

5.    Removal is timely as the first date upon which Defendants, or their agents received Plaintiff's Original Petition and Citation was March 3, 2022, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b).

### IV.    VENUE

6.    This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

### V.    CITIZENSHIP OF THE PARTIES

7.    According to his Original Petition, Plaintiff resides in Harris County, Texas. Exhibit A at 1.

8.    Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

9.    Defendant HARDY BROTHERS, INC. is, and at the time of filing of this action was, a corporation existing under the laws of the State of North Carolina with its principal place

of business in the State of North Carolina.

10.     Defendant JAMES TORAIN THURMAN is, and at the time of filing of this action was, a citizen existing under the laws of the Commonwealth of Virginia.

11.     The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## VI.     PLAINTIFF'S ALLEGATIONS

12.     Plaintiff asserts that on March 8, 2020, he sustained personal injuries at the Incident. *See* Exhibit A. More specifically, Plaintiff alleges that, Defendant James Torain Thurman "failed to maintain a single lane of travel and merged into Plaintiff's lane when unsafe," causing Defendant James Torain Thurman's vehicle to strike Plaintiff's vehicle. *Id*. at § IV. Plaintiff brings forth causes of action against Defendant for negligence. *Id*. at § V, VI.

## VII.     JURISDICTIONAL BASIS FOR REMOVAL

13.     Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

14.     The relevant jurisdictional facts are to be judged as of the time of removal. *Id*. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

**A.     Amount in Controversy Exceeds $75,000.00.**

15.     When a plaintiff does not allege a specific amount of damages, defendant must

prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Id*. at 881. A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy." *See Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2–3 (5th Cir. 2002).

16.     In a case such as this one, where Plaintiff has specifically pled damages range greater than $75,000, and alleges "severe physical injuries," it is considered facially apparent that the amount in controversy exceeds $75,000. *See Gebbia*, 233 F.3d at 881; Exhibit A at § IV. In his Original Petition, Plaintiff states that he is seeking "monetary relief over $1,000,000." Id. at § XI. Plaintiff also intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Id. at § I.

17.     Plaintiff seeks damages based on past and future: medical expenses, physical pain, mental anguish, physical impairment, lost wages, and property damage. Id. at § VII. Plaintiff seeks pre-judgment and post-judgment interest at the legal rate, as well as costs of court. *Id*. at "Prayer."

18.     Thus, it is facially apparent from Plaintiff's Original Petition that he is seeking damages over $250,000.00, but not more than $1,000,000.00, thus exceeding the $75,000.00 threshold. *Id.* at § XI. Consequently, the Court can find that the amount in controversy requirement has been satisfied in order for this case to be properly removed.

**B.     Diversity of Citizenship**

19.     As set forth, *supra*, Plaintiff is a citizen of the State of Texas, and Defendant Hardy

Brothers, Inc. is a citizen of the State of North Carolina, and Defendant James Torain Thurman is a citizen of Virginia. There are no non-diverse parties present in this action. Therefore, Defendants have satisfied the complete diversity requirement of its removal burden.

## VIII.   CONCLUSION

20.     Based on the foregoing, Defendant has established that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that complete diversity of citizenship exists between the parties. Therefore, the Court should find that removal is proper in this case.

## IX.    PRAYER

WHEREFORE, Defendants, HARDY BROTHERS, INC., and JAMES TORAIN THURMAN, pray that this Court find that the above-styled action now pending in the 234th Judicial District Court, Harris County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/ John K. (Ken) Woodard*
William S. Bush;
Federal ID No. 7654
**John K. (Ken) Woodard**;
Federal ID No. 271555
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone:     (713) 626-1555
Facsimile:      (713) 622-8077
Email: kwoodard.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of March 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Ruben Bonilla
Ed Chapa
William Asare
BONILLA & CHAPA, P.C.
P.O. Box 5488
Corpus Christi Texas 78465-5488
Telephone: 361-881-1000
Facsimile:   361-881-1028
bc_efile@bonilla-chapalaw.com

_/s/ John K. (Ken) Woodard_____
John K. (Ken) Woodard