2/21/2022 1:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61931549
By: Brittany Hall
Filed: 2/21/2022 1:38 PM

RB/mr

CAUSE NO. _____

| | | |
|---|---|---|
| **JESUS OVIEDO** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| **HARDY BROTHERS, INC.** and | § | |
| **JAMES TORAIN THURMAN** | § | |
| *Defendants* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **JESUS OVIEDO,** hereinafter referred to by name or as Plaintiff, complaining of and about **HARDY BROTHERS, INC. and JAMES TORAIN THURMAN** hereinafter referred to by name or as Defendants, and for cause of action would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this cause of action under Discovery Control Plan, Level 3, in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION

This court has jurisdiction and venue is proper in Harris County, Texas because that is where all or a substantial part of the events or omissions giving rise to the claim accrued.

### III.
### PARTIES

1. Plaintiff is a resident of Houston, Harris County, Texas.

**EXHIBIT A**

2.   Defendant, **HARDY BROTHERS, INC.**, is a Corporation doing business in the State of Texas. Defendant has purposefully availed itself of the privilege of conducting business in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendant may be served with process by and through its Registered Agent, <u>**National Resident Agent Service, Inc., Douglas Fletcher, 9201 N. Central Expressway, Suite 600, Dallas, Texas 75231.**</u>

3.   Defendant, **JAMES TORAIN THURMAN** is an individual residing in Garland, Texas, and may be served with Citation <u>**by private process**</u> at: <u>**348 Rainbow Lane, Dry Fork, Virginia 24549-4404,**</u> or wherever he may be found.

## IV.
## FACTS

On or about March 8, 2020, Plaintiff was driving his vehicle in a reasonable and prudent manner, exercising ordinary care for his safety and the safety of others when Plaintiff was involved in a collision. Plaintiff was traveling on the 610 Loop in Houston, Harris County, Texas. Defendant **JAMES TORAIN THURMAN** was operating an 18-wheeler in the lane directly to the right of Plaintiff. Defendant **JAMES TORAIN THURMAN** failed to maintain a single lane of travel and merged into Plaintiff's lane when unsafe. As a result, Defendant **JAMES TORAIN THURMAN's** vehicle struck Plaintiff's vehicle.

At the time of the accident at issue, Defendant **JAMES TORAIN THURMAN** was driving a vehicle owned by Defendant **HARDY BROTHERS, INC.** Also at the time of the accident at issue, Defendant **JAMES TORAIN THURMAN** was an employee of **HARDY**

**BROTHERS, INC.** and was within the course and scope of his employment for **HARDY BROTHERS, INC.**

Due to the negligence of Defendants, Plaintiff suffered severe physical injuries.

## V.
## PLAINTIFFS' CLAIM OF NEGLIGENCE
## AGAINST HARDY BROTHERS, INC.

At the time of the collision, Defendant **JAMES TORAIN THURMAN** was an employee of Defendant **HARDY BROTHERS, INC.** And at the time of the collision in question, Defendant **JAMES TORAIN THURMAN** was in the course and scope of his employment with Defendant **HARDY BROTHERS, INC.** Moreover, Defenant **JAMES TORAIN THURMAN** was negligent at the time of the collision and his negligence was a proximate cause of this collision. Defendant **HARDY BROTHERS, INC.** is legally responsible under the theory of *Respondeat Superior*.

Defendant **HARDY BROTHERS, INC.** is also negligent for the negligent entrustment of its vehicle to Defendant **JAMES TORAIN THURMAN**, negligent hiring, negligent retention, and negligent training.

## VI.
## NEGLIGENCE OF JAMES TORAIN THURMAN

The collision and Plaintiff's injuries suffered by reason thereof were proximately caused by Defendant's negligent, careless and reckless disregard of duty which consisted of, but is not limited to, the following acts and omissions:

1. Failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

2. Failing to turn to the right or left to avoid the collision;

3. Failing to properly and timely apply the brakes of the vehicle in order to avoid the collision in question;

4. Failing to honk the horn or to give any sign of warning of impending collision;

5. Failing to maintain a single lane of travel;

6. Merging into another lane with unsafe; and

7. Failing to control the vehicle.

Each of the aforementioned negligent acts or omissions of Defendant constituted a proximate cause of the collision and of the resulting damages and injuries to Plaintiff.

## VII.
## DAMAGES FOR PLAINTIFF

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer general bodily injuries.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for Texas;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain and suffering in the past;

4. Mental anguish in the past;

5. Physical pain and suffering in the future;

6. Mental anguish in the future;

7. Physical impairment in the past;

8. Lost wages;

9. Property damage; and

10. Physical impairment which, in all reasonable probability, will be suffered in the future.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## VIII.
## JURY DEMAND

Plaintiff demands a trial by jury.

## IX.
## REQUIRED DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## X.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any party to this case may be used at any pretrial proceeding or at the trial of this matter.

## XI.

Plaintiff seeks monetary relief over $250,000.00, but not more than $1,000,000.00.

**PLAINTIFF'S ORIGINAL PETITION**

## XII.
## DESIGNATED E-SERVICE ADDRESS

The following is the undersigned attorney's designated E-Service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: bc_efile@bonilla-chapalaw.com. This is the undersigned's only E-Service e-mail address, and service through any other e-mail address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against the Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment and post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintff may be entitled, both at law and in equity.

Respectfully submitted,

*BONILLA & CHAPA, P.C.*
P.O. Box 5488
Corpus Christi Texas 78465-5488
Telephone: 361-881-1000
Facsimile: 361-881-1028

**Ruben Bonilla**
Tx. Bar No. 02601000
Email: **rbon1@swbell.net**
**Ed Chapa**
Tx. Bar No. 04113900
Email: **edchapa@bonilla-chapalaw.com**
**William Asare**
Tx. Bar No. 24073862
Email: **b.asare@bonilla-chapalaw.com**

E-SERVICE: bc_efile@bonilla-chapalaw.com